UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CRUZ,<br><br>            Plaintiff,<br><br>      vs.<br><br>DR. HO, et al.,<br><br>            Defendants. | 1:15-cv-00192-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO WITHDRAW CONSENT TO JURISDICTION OF MAGISTRATE JUDGE<br><br>(Doc. 14.) |

## I.    RELEVANT PROCEDURAL HISTORY

Albert Cruz ("Plaintiff") is a jail inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 5, 2015. (Doc. 1.) This case now proceeds with Plaintiff's original Complaint on Plaintiff's medical claim against sole defendant Dr. Ho. (Id.)

On February 12, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 4.) On April 21, 2015, defendant Ho also consented to the jurisdiction of a United States Magistrate Judge. (Doc. 13.) Because all of the parties to this action have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), this case is now referred to the undersigned who shall conduct any and all proceedings in the case, including trial and entry of final judgment.

On April 29, 2015, Plaintiff filed a form declining the jurisdiction of a United States Magistrate Judge, which the Court construes as a request to withdraw Plaintiff's consent. (Doc. 14.)

**II.    CONSENT TO JURISDICTION OF A MAGISTRATE JUDGE**

A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge.  Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 1993); Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984).  This right can be waived, allowing parties to consent to trial before a magistrate judge.  Dixon at 479-480; Pacemaker at 542; 28 U.S.C. § 636(c)(1).  Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party."  Dixon at 480 (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b).  There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge.  Dixon at 480.

Plaintiff has not shown good cause or presented evidence of extraordinary circumstances for the Court to allow him to withdraw his consent to jurisdiction of a Magistrate Judge.  Therefore, Plaintiff's request shall be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request to withdraw his consent to the jurisdiction of a United States Magistrate Judge is DENIED.

IT IS SO ORDERED.

Dated:   **May 1, 2015**                    /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE