UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CRUZ,<br><br>            Plaintiff,<br><br>      vs.<br><br>DR. HO, et al.,<br><br>            Defendants. | 1:15-cv-00192-EPG-PC<br><br>NOTICE OF INSUFFICIENT SERVICE<br>(ECF No. 19.) |

**I.       BACKGROUND**

Albert Cruz ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983, against defendant Ho for inadequate medical care in violation of the Eighth Amendment. (ECF No. 1.)

On October 27, 2015, defendant Ho filed a "Notice of Death of Plaintiff," which states that defense counsel was advised that Plaintiff Albert Cruz passed away on July 28, 2015. (ECF No. 19.)

**II.      FEDERAL RULE OF CIVIL PROCEDURE 25**

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a)(1). If a motion for substitution is not made within 90 days after the party's death is suggested upon the record, the action shall be dismissed as to the deceased party. Id.

However, "the 90 day period provided by Rule 25(a)(1) will not be triggered against [the decedent's] estate until the appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4 [for the service of a summons]." Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).

Here, it appears from defendant Ho's proof of service that the Notice of Death was served by mail only, which is not "in the manner provided in Rule 4 for the service of a summons," and therefore the Notice did not trigger the running of the 90 day period referred to in Fed. R. Civ. P. 25(a)(1).  (ECF No. 19-1.)

### III.  CONCLUSION

Based on the foregoing, defendant Ho is HEREBY NOTIFIED that the Notice of Death filed on October 27, 2015, did not trigger the running of the 90 day period referred to in Fed. R. Civ. P. 25(a)(1).

IT IS SO ORDERED.

Dated: **April 14, 2016**        /s/ Erica P. Grosjean
        UNITED STATES MAGISTRATE JUDGE